ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DERRELL LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 307-040 |
| | ) | |
| DARRELL HART, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 AUG 14 A 8:34
CLERK J Buxton
SO. DIST. OF GA.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Derrell Lewis brings the above-styled petition for a Writ of Habeas Corpus against Respondent Darrell Hart pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a third petition for a Writ of Habeas Corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 3), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

After a jury trial in the Superior Court of Laurens County, Petitioner was convicted in 1991 on three counts of aggravated assault. (Doc. no. 1, p. 1). On November 9, 1994, the Georgia Court of Appeals affirmed his sentence and convictions. Lewis v. State, 215 Ga. App. 161, 450 S.E.2d 448 (1994). Petitioner received a combined sentence of 35 years in the state prison system. (Doc. no. 1, p. 1).

Petitioner previously filed a petition for a federal Writ of Habeas Corpus on May 30,

1996. See Lewis v. Linahan, CV 396-030 (S.D. Ga. May 30, 1996). A Report and Recommendation that recommended the petition be denied on the merits was entered on November 12, 1997. Id., doc. no. 7. That recommendation was adopted as the opinion of the district court by the December 18, 1997 Order of the Honorable Dudley H. Bowen, Jr., United States District Judge. Id., doc. no. 9. Approximately eight years later, Petitioner filed a second petition for federal habeas corpus relief. Lewis v. Head, CV305-146 (S.D. Ga. Oct. 26, 2005). A Report and Recommendation that recommended dismissal of the petition because Petitioner had not received permission from the Eleventh Circuit to file a second or successive petition was entered on November 28, 2005. Id., doc. no. 7. That recommendation was adopted as the opinion of the district court by the January 6, 2006 Order of the Honorable John F. Nangle, United States District Judge. Id., doc. no. 9. The instant petition was first filed in the Middle District of Georgia but was transferred to this Court by the June 26, 2007 Order of the Honorable Claude W. Hicks, Jr., United States Magistrate Judge. The case is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

---

[1] In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records are the original application by Petitioner for a Writ of Habeas Corpus, Lewis v. Linahan, CV 396-030, the Magistrate Judge's Report and Recommendation that the petition be denied, and the Order of Judge Bowen adopting the Report and Recommendation as the opinion of the district court. The Court's records also contain Petitioner's second application for a Writ of Habeas Corpus, Lewis v. Head, CV305-146, the Magistrate Judge's Report and Recommendation that the petition be dismissed, and the Order of Judge Nangle adopting the Report and Recommendation as the opinion of the district court. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed two prior applications for a Writ of Habeas Corpus, thereby making the current application his third application with this Court.

### B. Second and Successive Applications for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive[2] [habeas corpus] application permitted by this section is filed in the

---

[2]With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered second or successive even if it is comprised of previously unexhausted claims. Burton v. Stewart, 127 S.Ct. 793, 797-98 (2007) (finding that prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous

3

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application. . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission

---

procedural obstacles.). In Petitioner's original federal habeas petition the Court found that Petitioner had failed to establish any meritorious claims entitling him to habeas corpus relief under 28 U.S.C. § 2254. Lewis, CV 396-030 (doc. nos. 7, 9). As such, Petitioner's first federal petition for habeas corpus relief was denied on the merits. Thereafter, Petitioner's second federal petition for habeas corpus relief was denied as second or successive. Lewis, CV 305-146 (doc. nos. 7, 9).

[3]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ." Id.).

Petitioner has not stated that he has received permission from the Eleventh Circuit to file a second or successive application for a Writ of Habeas Corpus, and this Court has received no authorization to address such an application from Petitioner. As a result, this Court lacks the authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a third application for a Writ of Habeas Corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5